**E-Filed 1/28/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TMX FUNDING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>IMPERO TECHNOLOGIES, INC., A California Corporation; CLARENCE NICHOLAS STEIGELMAN, An Individual; RONALD J LESNIAK, An Individual; MITCHELL A HEINLEIN, An Individual; JOSEPH ZHANG, a.k.a. XIANGCHOU ZHANG, An Individual; MICHELLE DOVER, An Individual; And DAVID LESNIAK, An Individual,<br><br>Defendants. | Case Number C 10-00202 JF<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND GRANTING ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Re: Docket Nos. 13, 16 |

Plaintiff TMX Funding, Inc. ("TMX") seeks a temporary restraining order ("TRO") and an order to show cause ("OSC") why a preliminary injunction should not issue. The Court has considered the moving and responding papers. For the reasons discussed below, the application for a TRO will be denied, and an order to show cause will issue.

TMX seeks to prohibit Defendants from: (1) destroying, incapacitating, corrupting, retaining, and/or failing to return to TMX any of its hardware (including but not limited to laptop computers, tower computers, desktop computers, servers, and hard drives) and software; (2) destroying, incapacitating, corrupting, retaining, and/or failing to return to TMX any of its

Confidential Information, Proprietary Information and/or Trade Secret Information relating to the business of Teledex LLC (including but not limited to: the service feedback, history, and account profiles of Teledex customers; research and development data, product data, and source codes; business methods and/or plans; customer lists; product information including pricing and service data; customer contact names and any information, including the contact information of the person(s) with purchasing authority, pertaining to the accounts serviced by the individual Defendants while at Teledex; and any document that originated from Teledex or contains information that was derived therefrom); (3) accessing any computer networks, databases, servers, telephone systems and 800 telephone numbers belonging to TMX; (4) using, copying, divulging, disseminating, erasing, or otherwise misappropriating any Proprietary Information, Confidential Information and/or Trade Secret Information belonging to TMX; (5) contacting, communicating, or doing business with any of the customers or their representatives whom the individual Defendants had solicited or serviced while at Teledex by using Proprietary Information, Confidential Information and/or Trade Secret Information belonging to TMX; and (6) selling, attempting to sell, or offering for sale any TMX products or services bearing the Teledex brand name (including but not limited to internet services, high speed internet services, voice over internet protocol telephones, network data products). TMX also seeks to compel Defendants to return to TMX immediately (1) any hardware and software belonging to TMX and/or that was removed and taken from Teledex, and (2) Confidential, Proprietary and/or Trade Secret Information relating to the business of Teledex LLC.

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of the hardships tips in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*,

2

Case Number C 10-00202 JF
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND GRANTING HEARING ON ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
(JFEX2)

725 F.2d 521, 523 (9th Cir. 1984).  These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

      Based on the record before it, the Court concludes that issuance of a TRO is not warranted. The merits are hotly contested. Defendants have filed affidavits denying any involvement in the alleged schemes to "raid and gut" the computer networks, servers, and physical files containing proprietary customer information acquired by TMX. Defendants also deny engaging in manipulation and tampering with data and passwords used by TMX to service its customers. Defendants have offered other plausible causes for the technical difficulties that TMX has experienced during its takeover of Teledex's operations, and have provided a plausible explanation for the legitimate retention of their Teledex personal laptops.  Defendants deny being under any contractual obligation to protect the alleged trade secrets and confidential client information. The very existence of an ongoing contractual relationship between TMX and certain customers also is in dispute.

      The likelihood that TMX will suffer irreparable injury in the absence of a TRO is minimal. TMX first discovered the alleged tampering with its data and equipment on or around December 18, 2009. The Court presumes that by now TMX has taken steps to limit any harm and protect its data systems from these alleged misappropriations. Although the pleadings raise a number of serious questions, the broad scope of the desired TRO and its impact on the Defendants' ability to carry on with their potentially legitimate business activities tips the balance of any hardship in Defendants' favor. The Court has authorized both parties to commence early discovery, which may shed light on contested factual issues prior to the hearing on TMX's motion for a preliminary injunction.

      Accordingly, the application for a TRO will be DENIED. However, because TMX has shown a need for expeditious relief in light of its claim of ongoing disruption and harm to its business and customer relationships, an order to show cause will issue and a hearing on the motion for a preliminary injunction will be set for February 12, 2010 at 9:00 a.m.  TMX may file

3

Case Number C 10-00202 JF
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND GRANTING HEARING ON ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
(JFEX2)

a supplemental brief in support of its motion for preliminary injunction on or before February 1, 2010. Defendants shall file any supplemental opposition paper on or before February 8, 2010.

**IT IS SO ORDERED.**

DATED: 1/28/10

                                                       _____
                                                       JUDGE JEREMY FOGEL
                                                       United States District Judge

4
Case Number C 10-00202 JF
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND GRANTING HEARING ON ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
(JFEX2)