UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TMX FUNDING, INC., | Case No.: C 10-00202 JF (PVT) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND FOR PROTECTIVE ORDER** |
| v. | |
| IMPERO TECHNOLOGIES, INC., ET AL., | [Docket No. 52] |
| Defendants. | |

Defendants Impero Technologies, Inc., Clarence Nicholas Steigelman, Mitchell A. Heinlein, Joseph Zhang, Ron Lesniak, Michelle Dover, and David Lesniak move to compel identification of trade secrets pursuant to California Civil Procedure Code Section 2019.210 and for protective order. (collectively "defendants"). Plaintiff TMX Funding, Inc. opposes the motion. ("TMX" or "plaintiff"). Pursuant to Civ. L.R. 7-1(b), defendants' motion is taken under submission and the hearing scheduled to be held on May 7, 2010 at 11AM is vacated. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that defendants' motion to compel identification of trade secrets and for protective order is granted.[1]

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

Teledex LLC was a provider of guest room telecommunications solutions and business applications for the hospitality industry. ("Teledex"). Clarence Nicholas Steigelman, Ronald Lesniak, Mitchell A. Heinlein, Joseph Zhang, Michelle Dover and David Lesniak are former employees of Teledex. On or about and between December 7, 2009 and January 3, 2010, TMX purchased and acquired certain assets and collateral of Teledex. The assets and collateral included, *inter alia,* all customer lists, intellectual property rights, trade secrets, proprietary or confidential information, inventions, technical information, procedures, designs, rights under any contract, all payment intangibles, and software. In addition, TMX was granted a security interest in Teledex's patent, trademark, and copyright security agreements as well as in its inventory and equipment. On or about December 13, 2009, Teledex employees received notices of termination from the company.

Several former employees, including Clarence Nicholas Steigelman, Joseph Zhang and Mtichell A. Heinlein, formed their own company named Impero Technologies, Inc. ("Impero"). Impero too, is a provider of guest room telecommunications solutions and business applications for the hospitality industry.

In the complaint, plaintiff TMX alleges claims for misappropriation of trade secrets, breach of the duty of loyalty, breach of contract, conversion, unfair competition, interference with prospective economic advantage, constructive trust and accounting, and violation of penal code section 502. Complaint for Damages and Permanent Injunction filed January 14, 2010. ("Complaint"). (Docket No. 1). Plaintiff TMX alleges, *inter alia,* that defendants have engaged in the misappropriation and use of its confidential, proprietary, and trade secret information. Specifically, plaintiff TMX alleges that defendants have communicated with Teledex customers in an effort to generate business for Impero or themselves. Plaintiff TMX also alleges that at least three laptop and two tower computers are missing, account passwords have been changed, and certain network systems have been damaged.

On February 2, 2010, the court authorized early discovery pursuant to Rule 26(d). Amended Order Authorizing Early Discovery Pursuant to FRCP 26(d) dated February 2, 2010. ("February 2, 2010 Amended Order"). Pursuant to the February 2, 2010 Amended Order, the parties were authorized to commence party and third party discovery, including depositions pursuant to Rule 30

and 31, interrogatories pursuant to Rule 33, document production pursuant to Rule 34, requests for admissions pursuant to Rule 36, and subpoenas pursuant to Rule 45.  In addition, the parties were authorized to commence "[a]ny other discovery method that may be authorized under the Federal Rules of Civil Procedure, local rules, or otherwise."  February 2, 2010 Amended Order at 2.

Pursuant to California Code of Civil Procedure Section 2019.210, plaintiff TMX identified 11 general categories of trade secrets. Plaintiff's California Code of Civil Procedure Section 2019.210 Statement filed on March 15, 2010.  ("CCP Section 2019.210 Statement").  Plaintiff concluded the CCP Section 2019.210 Statement by stating that "[a] list of specific customers, suppliers, contact information, and technical information will be produced in discovery only after the Court enters a protective order governing the use and disclosure of confidential, proprietary and trade secret information." *Id.* at 3.  On February 24, 2010, the court entered the stipulated protective order in the above-captioned action.  (Docket No. 49).

Here, the court finds the use of Section 2019.210 procedures for a misappropriation of trade secrets case will serve a beneficial function in the instant case.  As a matter of case management, this court generally requires a party claiming misappropriation of trade secrets to adequately identify those trade secrets before conducting discovery into its opponents' proprietary information.  At least one court has taken the position that Section 2019(d) of the California Code of Civil Procedure is directly applicable to actions in federal court under the Erie Doctrine. *See Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2nd 980 (S.D. Cal. 1999).  However, because this court finds it appropriate to require identification of trade secrets as a case management tool, it is unnecessary to address the question under the Erie Doctrine.

> A trade secret is 'information, including a formula, pattern, compilation, program, device, method, technique or process, that (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

*Perlan Therapuetics, Inc. v. Sup. Ct.,* 178 Cal. App. 4th 1333, 1342, 101 Cal. Rptr. 3d 211, 219 (2009) (citing Civ. Code §3426.1).  "'In any action alleging the misappropriation of a trade secret . . ., before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity.'" *Id.* at 1343.

In *Computer Economics, Inc. v. Gartner Group, Inc.,* the court found no conflict between Rule 26(b)(1) and California Code of Civil Procedure Section 2019.210 because identifying alleged and misappropriated trade secrets assists the court in determining the appropriate scope of discovery and whether plaintiff's discovery requests fall within that scope. *Advante Intl Corp., et al. v. Mintel Learning Technology, et al.,* 2006 WL 3371576 *3 (N.D. Cal.)(citing *Computer Economics, Inc. v. Gartner Group, Inc.,* 50 F.Supp.2d at 989).

Finally, "the mere presence in a complaint of claims made on theories other than trade secret misappropriation will not necessarily support discovery that goes beyond what would be allowed on the trade secret claim itself." *Advante Intl Corp., et al. v. Mintel Learning Technology, et al.,* 2006 WL 3371576 *3 (citing *Advanced Modular Sputtering, Inc. v. Superior Court,* 132 Cal.App. 4th 826, 835 (2005)("Where, as here, every cause of action is factually dependent on the misappropriation allegation, discovery can commence only after the allegedly misappropriated trade secrets have been identified with reasonable particularity, as required by section 2019.210.")).

Plaintiff TMX identifies only broad categories of trade secrets in the CCP Section 2019.210 Statement. For example, subsection (a) identifies "[c]ustomer names and contact information for the customers and the specific person(s) with purchasing authority and influence over purchasing decisions at the various customers of Teledex, LLC ("Teledex")" as a trade secret. No further information is provided, including the specific customer names, contact information for those customers, and the name of the person with purchasing authority. In another example, subsection (g) identifies "[s]upplier names and contact information for Teledex products, components and materials of Teledex" as a trade secret. Again, no further information is provided, including the specific supplier names, contact information for those suppliers, and the specific products, components and materials provided. Indeed, plaintiff TMX previously conceded in the CCP Section 2019.210 Statement that a list of specific customers, suppliers, contact information and technical information would be provided once the court entered a stipulated protective order. On February 24, 2010, the court entered a stipulated protective order. As pointed out by defendants, some customer names (and perhaps even some supplier names) are publicly known. Mot. at 6 ("Teledex had many customers, some of whom were touted in press releases and therefore cannot be trade secrets"). The

district court noted that "TMX has shown that Teledex took steps to protect and maintain the secrecy of *certain* customer information and business plans and strategies . . . ." March 18, 2010 Order at 7. (emphasis added). It does not conclude that all customer information (as subsection (a) of the CCP Section 2019.210 Statement appears to represent) is a trade secret. March 18, 2010 Order at 8 (publicized or 'readily ascertainable' identity of customers, as well as product and pricing information, cannot constitute a protectable trade secret). Because every cause of action is factually dependent on the misappropriation claim here, discovery may commence only after plaintiff TMX has identified its trade secrets in all 11 categories with reasonable particularity. Accordingly, plaintiff TMX shall supplement its CCP Section 2019.210 Statement to identify the alleged misappropriated trade secrets with reasonable particularity no later than May 14, 2010.[2]

IT IS FURTHER ORDERED that defendants' motion for attorneys' fees is denied without prejudice to a renewed motion.

Pursuant to Rule 37(a)(5), defendants move for an award of $2,950 in attorneys' fees for bringing the above-specified motion to compel. Civ. L.R. 7-8(a) states that any motion for sanctions must be separately filed. Accordingly, defendants' motion is denied.

IT IS SO ORDERED.

Dated: May 5, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] This ruling does not conflict with the district court order, *inter alia,* "prohibiting Defendants from: (1) failing to return the Teledex laptops and other equipment or materials containing proprietary, confidential, or trade secret information." Order Granting Motion for Preliminary Injunction dated March 18, 2010 at 14. ("March 18, 2010 Order"). *See* Opposition to Motion for Protective Order and Motion for Further Identification of Trade Secrets at 2. ("Opp."). Nor does the ruling conflict with the February 2, 2010 Amended Order.