\*\*E-Filed 5/21/10\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| TMX FUNDING, INC., a Delaware corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>IMPERO TECHNOLOGIES, INC., A California Corporation; CLARENCE NICHOLAS STEIGELMAN, An Individual; RONALD J LESNIAK, An Individual; MITCHELL A HEINLEIN, An Individual; JOSEPH ZHANG, a.k.a. XIANGCHOU ZHANG, An Individual; MICHELLE DOVER, An Individual; And DAVID LESNIAK, An Individual,<br><br>　　　　　Defendants. | Case Number C 10-00202 JF (PVT)<br><br>**ORDER[1] MODIFYING PRELIMINARY INJUNCTION** |

On May 7, 2010, the Court heard arguments on the motion of Defendants Impero Technologies, Inc., Clarence Nicholas Steigelman, Mitchell Heinlein, Joseph Zhang, Ronald Lesniak, David Lesniak, and Michelle Dover to stay or modify the injunction issued by this Court on March 31, 2010. Good cause therefor appearing, the injunction is hereby modified to

---

[1] This disposition is not designated for publication in the official reports.

read as follows:

**IT IS HEREBY ORDERED THAT** Defendants Impero Technologies, Inc. ("Impero"), Clarence Nicholas Steigelman, Mitchell Heinlein, Yizhou "Joseph" Zhang, and Michelle Dover, and each of them, and any of their directors, officers, shareholders, partners, subsidiaries, affiliates, employees, employers, agents, representatives, and all those in active concert or participation with them (collectively, "Defendants"), are preliminarily restrained and enjoined from:

1. Failing to return to TMX the Teledex laptops and any other equipment or materials containing Confidential, Proprietary, and/or Trade Secret Information, after the Court-appointed Special Master identifies an removes any privileged information and designates any private, confidential or trade secret information of the individual Defendants or Impero from the laptops; and

2. Using Confidential, Proprietary, and/or Trade Secret Information to solicit or to do business with customers or third party vendors; and

3. Continuing to solicit or do business with customers or third party vendors from whom Defendants solicited business after December 8, 2009 using Confidential, Proprietary, and/or Trade Secret Information.

Nothing in this Order shall prevent Defendants from otherwise doing business or continuing to do business with customers or third party vendors.  For purposes of this Order, "Confidential, Proprietary, and/or Trade Secret Information" shall include but is not limited to the following information: (a) business plans and strategies of Teledex, including any strategic plans that Teledex developed for its future relationships, (b) "Proprietary Information" and customer information that Teledex sought to protect through its Proprietary Information and

//
//
//
//
//

1  Inventions Agreement and Confidential Information and Policy Agreements, and (c) past
2  communications and agreements between Teledex and customer or vendors.
3
4  **IT IS SO ORDERED.**
5
6
7  DATED: 5/20/ 2010
   _____
   JEREMY FOGEL
   United States District Judge
8
9
10
...
28

3