1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E-Filed 6/17/10**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| TMX FUNDING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>IMPERO TECHNOLOGIES, INC., a California corporation; CLARENCE NICHOLAS STEIGELMAN, an individual; RONALD J LESNIAK, an individual; MITCHELL A HEINLEIN, an individual; JOSEPH ZHANG, a.k.a. XIANGCHOU ZHANG, an individual; MICHELLE DOVER, an individual; and DAVID LESNIAK, an individual,<br><br>Defendants. | Case Number C 10-00202 JF (PVT)<br><br>**ORDER[1] GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>[re doc. no. 55] |

Defendants Impero Technologies, Inc. ("Impero"), Clarence Steigelman ("Steigelman"), Ronald Lesniak ("R. Lesniak"), Mitchell Heinlein ("Heinlein"), Joseph Zhang ("Zhang"), Michelle Dover ("Dover"), and David Lesniak ("D. Lesniak") (collectively, "Defendants") move

---

[1] This disposition is not designated for publication in the official reports.

1    pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint of Plaintiff TMX Funding, Inc.

2    ("TMX").  The Court has considered the moving and responding papers and the oral arguments

3    of counsel presented at the hearing on May 28, 2010.  For the reasons discussed below, the

4    motion will be granted in part and denied in part, with leave to amend.

5                                      **I.  BACKGROUND**

6            TMX filed the instant action against Defendants on January 14, 2010, asserting the

7    following claims for relief: (1) misappropriation of trade secrets in violation of California's

8    Uniform Trade Secrets Act ("UTSA"), Cal. Civ. Code § 3426, *et seq.*; (2) breach of the duty of

9    loyalty, (3) breach of contract, (4) conversion of personal property, (5) unfair competition in

10   violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et*

11   *seq.*, (6) interference with prospective economic advantage; and (7) the violation of Cal. Penal

12   Code § 502(e).  As remedies for the alleged violations, TMX seeks a constructive trust and an

13   accounting.

14   **A.    Factual history**

15          TMX is the purchaser of certain assets and collateral of Teledex, a designer and

16   manufacturer of hotel guest room telecommunication solutions.  (Complaint ¶¶ 21, 27.)  TMX

17   acquired the assets and collateral of Teledex after the expiration of several forbearance

18   agreements with respect to a loan on which Teledex was the borrower.  (Complaint ¶¶ 26-27.)

19   The individual Defendants, who were employees of Teledex, were terminated during TMX's

20   purchase of Teledex's assets.  (Complaint ¶¶ 37-42, 53.)  TMX alleges that the individual

21   Defendants formed Defendant Impero following their termination from Teledex, which operates

22   in the same general field as Teledex.  (Complaint ¶ 56.)  Shortly after its acquisition of Teledex,

23   TMX suspected that some of Teledex's property – including laptops and trade secret

24   information – had been stolen. (Complaint ¶¶ 56-63.)

25   **B.    Procedural history**

26          On January 20, 2010, TMX moved for a temporary restraining order ("TRO") and an

27   order to show cause why Defendants should not be enjoined from unlawfully taking, retaining

28   and utilizing property and confidential, proprietary, and trade secret information allegedly

                                                    2

1  belonging to TMX.  On January 29, 2010, the Court denied the request for a TRO.  On February
2  12, 2010, the Court held a hearing on TMX's motion for a preliminary injunction.  In an order
3  dated March 18, 2010, the Court found that TMX had satisfied its evidentiary burden under
4  California law for obtaining a preliminary injunction.  On March 31, 2010, the Court issued a
5  preliminary injunction; Defendants subsequently appealed the order granting a preliminary
6  injunction and moved to stay or modify the preliminary injunction.  On May 21, 2010, the Court
7  modified the preliminary injunction; Defendants thereafter dismissed their appeal.

8  ## II.  LEGAL STANDARD

9       A complaint may be dismissed for failure to state a claim upon which relief may be
10  granted if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its
11  face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  TMX relies on *Morton v. Rank*
12  *Am, Inc.*, 812 F. Supp. 1062, 1065 (C.D. Cal. 1983), for the proposition that a motion to dismiss
13  will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in
14  support of his claim which would entitle him to relief."  However, the "'no set of facts' language
15  has been questioned, criticized, and explained away long enough" and "is best forgotten as an
16  incomplete, negative gloss on an accepted pleading standard".  *Twombly*, 550 U.S. at 562-63.

17       Allegations of material fact must be taken as true and construed in the light most
18  favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir.
19  1997).  Nonetheless, the Court need not accept as true allegations that are conclusory,
20  unwarranted deductions of fact, or unreasonable inferences.  *See Sprewell v. Golden State*
21  *Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).  *See also Twombly*, 550 U.S. at 561 ("a wholly
22  conclusory statement of [a] claim" will not survive a motion to dismiss).  While the record in the
23  instant case is well developed because of the evidence submitted in connection with TMX's
24  motion for a preliminary injunction, the Court's review on a motion to dismiss is limited to the
25  face of the complaint and matters judicially noticeable.  *MGIC Indem. Corp. v. Weisman*, 803
26  F.2d 500, 504 (9th Cir. 1986)*; N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.
27  1983).  Under the "incorporation by reference" doctrine, the Court also may consider documents
28  which are referenced extensively in the complaint and which are accepted by all parties as

3

1    authentic.  *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999).  Leave to

2    amend should be granted unless it is clear that the complaint's deficiencies cannot be cured by

3    amendment.  *Lucas v. Dep't of Corr.*, 66 F. 3d 245, 248 (9th Cir. 1995).

4         In assessing whether to grant an opportunity to amend, the Court considers "the presence

5    or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by

6    previous amendments, undue prejudice to the opposing party[,] and futility of the proposed

7    amendment."  *Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (quoting

8    *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)).  When amendment

9    would be futile, dismissal may be ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th

10   Cir. 1996).

11        Finally, although their claims arise under state law, TMX's allegations are subject to the

12   Federal Rules of Civil Procedure.  Defendants contend that allegations of "intentional torts like

13   misappropriation of trade secrets, breach of fiduciary duty, unfair competition and the like",

14   (Def.'s Mot. at 3-19:21), are subject to the heightened pleading requirements of Fed. R. Civ. P.

15   9(b).  *See* Fed. R. Civ. P. 9(b) (requiring that "a party must state with particularity the

16   circumstances constituting fraud or mistake"); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

17   1103-04 (9th Cir. 2003) (if "the claim is said to be 'grounded in fraud' or to 'sound in fraud,'

18   [then] the pleading of that claim as a whole must satisfy the particularity requirement of Rule

19   9(b)."); and *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir.1994) (claims based in fraud "must state

20   precisely the time, place, and nature of the misleading statements, misrepresentations, and

21   specific acts of fraud.").  However, TMX's claims do not sound in fraud or mistake.  As

22   discussed below, while a claim for the misappropriation of trade secrets must be pled with

23   "sufficient particularity", the claim is not subject to Fed . R. Civ. P. 9(b).

24                              **III.  DISCUSSION**

25        Defendants argue that TMX has failed to allege enough facts to state a claim for relief that

26   is plausible on its face.  In addition, Defendants contend that the USTA preempts all of TMX's

27   claims, except its claims for the misappropriation of trade secrets and breach of contract.

28   //

1  **A.      Misappropriation of trade secrets (Claim 1)**

2          Defendants contend that TMX has failed (1) to identify the alleged trade secrets with

3  particularity and (2) to plead that they have misappropriated the trade secrets.

4          **1.      Identification of trade secrets with sufficient particularity**

5          Under the USTA, a "trade secret" is information including a "program, device, method,

6  technique, or process, that: (1) [d]erives independent economic value, actual or potential, from

7  not being generally known to the public or to other persons who can obtain economic value from

8  its disclosure or use; and (2) [i]s the subject of efforts that are reasonable under the circumstances

9  to maintain its secrecy." Cal. Civ. Code § 3426.1(d).  A complaint for the misappropriation of

10  trade secrets "should describe the subject matter of the trade secret with sufficient particularity to

11  separate it from matters of general knowledge in the trade or special knowledge of those persons

12  who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within

13  which the secret lies." *Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 253 (Cal. App. 2d Dist.

14  1968).  However, "[o]ne who seeks to protect his trade secrets from wrongful use or disclosure

15  does not have to spell out the details of the trade secret to avoid [dismissal]. To so require would

16  mean that the complainant would have to destroy the very thing for which he sought protection by

17  making public the secret itself." *Id*. at 252.

18          TMX alleges nine broad categories of trade secret information:

19          a.      Its software, source codes, data, formulas, and other technical information
                developed as proprietary and confidential products and services;

20

21          b.      Its business methods and marketing plans, such as prospective customer and sales
                methods for attracting and retaining customers;

22          c.      Its product information, including, but not limited to, cost, pricing, margin data
                and other financial information;

23

24          d.      Customer lists;

25          e.      Contact names and information at the various accounts;

26          f.      Names and contact information of the person(s) with purchasing authority and
                person(s) with influence over purchasing decisions at the various accounts;

27          g.      Customer profiles, including but not limited to, a record of all of its previous
                transactions, feedback, and service history with the various accounts;

28

1

2

h.    Special buying and service needs, buying and service patterns, agreements with customers, and buying preferences of customers, including special terms, discounts, and accessories;

3

4

j.    Login and password information to access the computer networks, servers, computer systems, and telephone systems.

5

(Complaint ¶ 43.)  This description is sufficient to permit Defendants at least to ascertain the boundaries within which the secrets lie.

6

7

### a.    Separate from the trade's general knowledge of the subject matter

8

Defendants contend that TMX insufficiently alleges how the information described above is separate from the trade's general knowledge of the subject matter.  While *Twombly* arguably heightened the overall pleading standard under Fed. R. Civ. P. 12(b)(6), the facts alleged in the complaint still are construed in the light most favorable to the nonmoving party.  *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).  It is self evident that  some of the types of information alleged are not generally known to others in the trade. Entities outside of Teledex certainly would not have general knowledge of Teledex's login and password information for access to Teledex's computer networks and servers, nor would they have access to Teledex's software, source codes, data, formulas, business methods, marketing plans, or margin data.  At least with respect to Teledex's login and password information, the information's only economic value derives from the fact that it is *not* generally known to others.

9

10

11

12

13

14

15

16

17

### b.    Subject to efforts to maintain its secrecy

18

19

TMX sufficiently alleges its reasonable efforts to maintain the secrecy of the information that it has identified.  The complaint refers to at least two agreements with respect to proprietary information: a Propriety Information and Employee Inventions Agreement, (Complaint Ex. F), and a Confidential Information Policy and Agreement, (Complaint Ex. G).  Construing the facts in the light most favorable to TMX, Teledex would have required its employees to sign these agreements.  Teledex also maintained computer login procedures and password protection for at least some of the information that TMX has identified.  (Complaint ¶¶ 49-50.)

20

21

22

23

24

25

### 2.    Misappropriation of trade secrets

26

27

Defendants also contend that TMX insufficiently alleges that *Defendants* actually

28

6

1  misappropriated any trade secrets.  TMX alleges that several computers, servers, and hard files

2  were stolen from its offices in San Jose, California, (Complaint ¶¶ 60-61), but it does not allege

3  explicitly that Defendants were responsible for the theft.  However, TMX does allege, on

4  information and belief, that "Defendants used confidential and proprietary information to obtain

5  unauthorized access to Teledex servers and computer networks and copied, misappropriated,

6  removed, overwrote, removed [*sic*], and erased confidential, proprietary and trade secret

7  information as recently as January 1, 2010."  (Complaint ¶ 62.)  It alleges specifically that

8  Defendants misappropriated information, identifies the method used to misappropriate the

9  information, and indicates the a date on which the information was misappropriated.

10  **B.    UTSA preemption**

11         Defendants contend that the UTSA preempts TMX's claims for breach of the duty of

12  loyalty, conversion, unfair competition, interference with a prospective economic advantage,

13  constructive trust and accounting, and unauthorized access to computerized data in contravention

14  of California Penal Code § 502.  The UTSA "preempts common law claims that are 'based on the

15  same nucleus of facts as the misappropriation of trade secrets claim for relief.'"  *K.C. Multimedia,*

16  *Inc. v. Bank of America Technology & Operations, Inc.*, 171 Cal. App. 4th 939, 958 (Cal. App.

17  6th Dist. 2009) (quoting *Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1035 (N.D.

18  Cal. 2005)).  However, as discussed above, Defendants also dispute that TMX sufficiently

19  identifies any trade secret information.  Regardless of whether the information is a trade secret,

20  Defendants may be liable for a breach of the duty of loyalty if they utilized Teledex's proprietary

21  information, for conversion if they wrongfully deprived TMX of possession of that information,

22  for unfair competition if they misappropriated TMX's proprietary information, for interfering

23  with TMX's prospective economic advantage, and for accessing computerized information

24  without authorization.

25         This Court agrees with the approach taken by other courts within this district:

26  To the extent the claim is based on these trade secrets, it cannot go forward. However,
    [the plaintiff] may continue to pursue the [tort claim] so long as the confidential
27  information at the foundation of the claim is not a trade secret, as that term is defined in
    [the UTSA].  If, in subsequent pleadings or briefs, or at trial, it is established that the
28  disclosures on which [the plaintiff] bases this claim were trade secrets, the claim will be

7

1   dismissed with prejudice."

2   *First Advantage Background Services Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 942 (N.D.

3   Cal. 2008).

4   **C.     Breach of the duty of loyalty (Claim 2)**

5          Defendants point out that they have never been employed by TMX and thus do not owe a

6   duty of loyalty to TMX.  TMX alleges that Defendants breached fiduciary duties owed to *Teledex*

7   and that, as Teledex's successor in interest, it has acquired the right to enforce those claims

8   against Defendants.  The individual Defendants contend that they were terminated as of

9   December 10, 2009 and that all of the wrongful conduct alleged by TMX occurred after that date.

10  TMX alleges that at least some Teledex property was stolen before or immediately after

11  December 10, 2009.  (Complaint ¶ 61.)  While there is a dispute with respect to whether the

12  individual Defendants removed Teledex property and when that property was removed, the

13  complaint lacks allegations of factual details of Defendants' wrongful actions while still

14  employed at Teledex.  The Court concludes that requiring TMX to provide more specific

15  allegations with respect to which Defendants did what and when will clarify TMX's claim and

16  make it significantly more manageable.

17  **D.     Breach of contract (Claim 3)**

18         Under California law, a *prima facie* claim for breach of contract consists of four elements:

19  (1) the existence of a contract, (2) the plaintiff's performance or excuse for non-performance, (3)

20  defendant's breach, and (4) damages to the plaintiff from defendant's breach.

21  *Walsh v. West Valley Mission Community College Dist.*, 66 Cal. App. 4th 1532, 1545 (Cal. App.

22  6th Dist. 1998).  TMX identifies two Teledex form agreements intended to protect proprietary

23  and confidential information: a Proprietary Information and Employee Inventions Agreement,

24  (Complaint Ex. F), and a Confidential Information Policy and Agreement, (Complaint Ex. G).

25  TMX alleges, on information and belief, that Defendants signed these agreements.

26         Defendants contend that TMX insufficiently alleges the existence of a contract, arguing

27  that it does not provide factual support for its allegation that Defendants signed the agreements.

28  For purposes of the instant motion, TMX sufficiently alleges the existence of a contract.  TMX

8

1  specifically alleges that the individual Defendants are former Teledex employees and identifies

2  two form agreements used by Teledex to protect its confidential and proprietary information from

3  disclosure by its employees.  Viewed in the light most favorable to TMX, these factual

4  allegations are sufficient to support a reasonable inference that Defendants signed the agreements

5  while they were employed by Teledex.

6  **E.      Conversion (Claim 4)**

7        "'Conversion is the wrongful exercise of dominion over the property of another. The

8  elements of a conversion are the plaintiff's ownership or right to possession of the property at the

9  time of the conversion; the defendant's conversion by a wrongful act or disposition of property

10  rights; and damages.'"  *Plummer v. Day/Eisenberg, LLP*, 184 Cal. App. 4th 38, 45 (Cal. App. 4th

11  Dist. 2010) (citing *Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 451 (Cal. App. 3d Dist.

12  1997)).  Defendants argue that TMX also must allege that it demanded the return of the items that

13  were lost, relying on *Wade v. Markwell & Co.*, 118 Cal. App. 2d 410, 418 (Cal. App. 1953).

14  However, to the extent that such a demand once was an element of the *prima facie* case for

15  conversion, modern California courts do not appear to require it.

16        More troubling is Defendants' contention that TMX does not allege that *Defendants*

17  actually coverted any tangible property.  TMX does allege that computers, hard files, hardware,

18  servers, and computer and internet access cards were stolen from its offices in San Jose,

19  California, (Complaint ¶ 61), but it does not allege that Defendants or any particular individual

20  Defendants are responsible.  The complaint lacks sufficient factual support to make an inference

21  to that effect reasonable.  However, TMX also alleges that Defendants misappropriated intangible

22  property by accessing Teledex's servers and computer networks on January 1, 2010.  (Complaint

23  ¶ 62.)  "It would be a curious jurisprudence that turned on the existence of a paper document

24  rather than an electronic one. Torching a company's file room would then be conversion while

25  hacking into its mainframe and deleting its data would not. That is not the law, at least not in

26  California."  *Kremen v. Cohen*, 337 F.3d 1024, 1034 (9th Cir. 2003).

27  **F.      Interference with a prospective economic advantage (Claim 6)**

28        The elements of interference with a prospective economic advantage "are usually stated as

9

1    follows: '(1) an economic relationship between the plaintiff and some third party, with the

2    probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the

3    relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship;

4    (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately

5    caused by the acts of the defendant.'" *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th

6    1134, 1153 (2003) (citation omitted).  Defendants contend that TMX insufficiently alleges (1) the

7    existence of an economic relationship between TMX and a third party and (2) intentional acts of

8    Defendants that have actually disrupted that relationship.  TMX alleges in a conclusory fashion

9    that some economic relationship with a third party has been disrupted by Defendants' intentional

10   acts.  (Complaint ¶¶ 108-110.)  Such conclusory allegations need not be accepted as true.

11   *Sprewell,* 266 F.3d at 988.  The complaint does not provide any factual support for this allegation.

12   **G.    Cal. Penal Code § 502 (Claim 8)**

13          Cal. Pen. Code § 502(c) proscribes a wide range of conduct involving the knowingly

14   unauthorized access of computer data, including knowingly accessing and without permission

15   taking, copying, or making use of any data from a computer, computer system, or computer

16   network, or taking or copying any supporting documentation, whether existing or residing

17   internal or external to a computer, computer system, or computer network; knowingly and

18   without permission using or causing to be used computer services; and knowingly accessing and

19   without permission adding, altering, damaging, deleting, or destroying any data, computer

20   software, or computer programs which reside or exist internal or external to a computer,

21   computer system, or computer network.  Cal. Pen. Code § 502(c)(2)-(4).  TMX alleges "that

22   Defendants used confidential and proprietary information to obtain unauthorized access to

23   Teledex servers and computer networks and copied, misappropriated, removed, overwrote,

24   removed [*sic*], and erased confidential, proprietary and trade secret information as recently as

25   January 1, 2010." (Complaint ¶ 62.)  If this allegation is true, Defendants conduct may have

26   violated Cal. Pen. Code § 502.  Because the information need not be a trade secret for purposes of

27   Cal. Pen. Code § 502, the UTSA does not preempt this claim to the extent that the

28   misappropriated information was not a trade secret.

10

**H.      Unfair competition (Claim 5)**

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Civ. Code § 17200. Accordingly, "[a]n act can be alleged to violate any or all of the three prongs of the UCL – unlawful, unfair, or fraudulent." *Berryman v. Merit Prop. Mgmt., Inc*., 152 Cal. App. 4th 1544, 1554 (2007). For an action based upon an allegedly unlawful business practice, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co*., 20 Cal. 4th 163, 180 (1999). As discussed above, TMX states a claim under Cal. Pen. Code § 502, and this is a sufficient predicate for unlawful competition under the UCL. Defendants argue that the UCL claim must be dismissed because TMX seeks compensatory, punitive, and exemplary damages. Defendants are correct that California courts "have stated that under the UCL, '[p]revailing plaintiffs are generally limited to injunctive relief and restitution.'" *Korea Supply Co.*, 29 Cal. 4th at 1144 (quoting *Cel-Tech*, 20 Cal.4th at 179) (marks in the original). However, TMX also seeks injunctive relief. (Complaint at 28:3-6, 29:11-15, and 30:1-12.)

**I.      Constructive trust and accounting (Claim 7)**

A constructive trust "is not an independent cause of action but merely a type of remedy for some categories of underlying wrong." *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (Cal. App. 1st Dist. 2000). An accounting "is treated as a cause of action available to a wronged fiduciary [citation], which is subject to the statute of limitations governing the nature of the underlying wrong." *Id.* Thus, "these equitable forms of remedies are dependent upon a substantive basis for liability". *Id.* As discussed above, the Court will decline to dismiss TMX's claim for misappropriation of trade secrets. Accordingly, TMX's prayer for these remedies remains viable.

## IV.  DISPOSITION

Defendants motion will be granted with respect to TMX's claims for breach of the duty of loyalty and interference with prospective economic advantage. The motion otherwise will be denied. Any amended complaint shall be filed within thirty (30) days of the date of this order.

11

1

2  **IT IS SO ORDERED**

3

4  DATED: 6/8/2010                                   _____
                                                     JEREMY FOGEL
5                                                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Number C 10-00202 JF (PVT)
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
(JFEX1)